Clara B. BRIGHT, Velma D. Williams, Melvin T. Abbey, Humphrey E. Abbey, Richard M. Abbey, Howard O. Abbey, Anna V. Woods and Charles M. Ward, Respondents,

v.

Merle WARD, Appellant.

No. 47255.

Missouri Court of Appeals, Eastern District, Northern Division.

March 13, 1984.

Motion for Rehearing or Transfer Denied April 20, 1984.

Robert L. Mark, Hannibal, for appellant.

Charles E. Rendlen, Jr., Charles E. Rendlen, III, Hannibal, for respondents.

CRIST, Judge.

Anna E. Ward, the mother of nine children, died intestate leaving real estate in Hannibal, Missouri. Eight of the children (respondents) sought partition of the land; the remaining child (appellant) claimed ownership by reason of adverse possession. The trial court found each of the nine children possessed an undivided ⅑th interest in the properties and ordered a public sale of the land with the proceeds to be divided accordingly.

■ Initially, we note appellant's noncompliance with Rule 81.12 by failing to submit a copy of the notice of appeal as part of the legal file. While such omission provides grounds for dismissal of an appeal, in this case we decline to do so. See, *Williams v. MFA Mutual Ins. Co.*, 660 S.W.2d 437, 439 (Mo.App.1983).

Appellant's single point on appeal concerns the trial court's exclusion of a nonparty witness' testimony based on respondents' hearsay objection. After appellant's witness testified he knew of the dispute between appellant and respondents, he was asked the following:

Q: How do you come to know about the dispute?

A: [Appellant] would tell me at different times that he had bought a piece of property.

[Respondents' attorney]: Object and ask it be striken, totally hearsay.

The Court: It will be stricken.

■ Appellant asserts the stricken testimony constitutes a "verbal act" in the context of his claim of adverse possession. When declarations accompany an ambiguous or equivocal action and give the action definite legal significance, the out-of-court declaration may be admitted as an exception to the hearsay rule. *Menorah Medical Center v. Davis*, 463 S.W.2d 618, 621 (Mo.App.1971); *Hamilton v. Missouri Petroleum Products Co.*, 438 S.W.2d 197, 199–200 (Mo.1969).

Presumably the ambiguous or equivocal act to which the excluded statement gave legal significance was appellant's occupation of certain properties. The use of property among family members is usual and common; thus, to sustain a claim of adverse possession against family members appellant had to demonstrate the element of hostility "by a clear, positive and contin-

ued disclaimer and disavowal of title and an unadulterated assertion of adverse right brought home to the true owners...." *Tallent v. Barrett*, 598 S.W.2d 602, 606 (Mo.App.1980).

■ Earlier in this court tried case, appellant testified he had told his mother, the titled owner of the property, "I am wanting to live on the lots I paid for and am going to do it." [1] Since appellant presented evidence of his assertion of right to the true owner, the excluded evidence was merely cumulative and served only to bolster appellant's testimony. Respondents presented evidence appellant's occupancy of the disputed property was permissive only.

■ The trial court's resolution of the conflicting evidence is supported by substantial evidence on the record and is not against the weight of the evidence. The judgment does not erroneously state or apply the law. Therefore, this court must affirm the decision below. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Judgment affirmed.

DOWD, C.J., and REINHARD and PUDLOWSKI, JJ., concur.

---

[1]. Appellant did not plead a right to the property by constructive trust, did not present that issue to the trial court, and does not raise it here. Any such claim is therefore abandoned.