**Nona RYTERSKI, Ruth L. Ford, Charles E. Wilson, Jean Woodson, Joel Wilson, Joyce Zoll, Verlin Wilson, and Connie Louise Leetz, Plaintiffs–Appellants,**

v.

**Walter Lee WILSON and Myrtle Wilson, his wife, Defendants–Respondents.**

No. 14959.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 23, 1987.

Ted M. Henson, Jr., Poplar Bluff, for plaintiffs-appellants.

Karen J. Miller, Hyde, Purcell, Wilhoit, Spain, Edmundson and Merrell, Poplar Bluff, for defendants-respondents.

PREWITT, Presiding Judge.

Following non-jury trial the court denied appellants' request that the trial court set aside certain deeds because of undue influence on the part of respondents. Respondent Walter Lee Wilson is the son of the grantor of the deeds, Ethel Wilson. Appellants are her remaining children.

Ethel Wilson died on January 30, 1982, having previously deeded all her real estate to Walter Lee Wilson. He lived within two miles of his mother in the Poplar Bluff area. Appellants do not live in that area. There was evidence that either Walter or Myrtle Wilson, his wife, would transport Ethel, aid her in operating the farm and generally assist her.

Walter paid no more than nominal consideration for the land. He or his wife took Ethel Wilson to a lawyer's office and were present when the deeds were executed. The evidence was disputed whether Walter assisted her in business transactions and in paying her bills. There was testimony that Ethel Wilson was a "strong willed person" and that she deeded her land to Walter Wilson because of the assistance that he had given her. Walter Wilson testified that he had not influenced her but that she had come to him and wanted to "make the deeds."

■ Appellants have two points relied on. In the first they contend that the trial court erred in permitting "testimony that the deceased, during her life, stated that it was her desire for Walter to have the land which she deeded to him." They contend that this testimony was hearsay and not within any of the exceptions to the hearsay rule.

Although some of the testimony is unclear, it appears that the witnesses testified to statements made by Ethel Wilson both before and after the deeds were made. She said she had or was going to deed her property to Walter because he was the child that had remained close by and had helped her.

Respondents contend that this testimony was admissible as an exception to the hearsay rule to show Ethel Wilson's "state of mind". Missouri recognizes the "state of mind" exception to the hearsay rule. *State ex rel. State Highway Commission v. City of St. Louis*, 575 S.W.2d 712, 722 (Mo.App. 1978).

Declarations of a decedent have been held admissible in an action to contest a will and set aside deeds because of undue influence as they "may show the testator's state of mind, his expressed affection for his children, or even his susceptibility to undue influence." *Hammonds v. Hammonds*, 297 S.W.2d 391, 397 (Mo.1957).

In a will contest claiming undue influence, statements of a testator regarding his home life and how he was treated by his daughter were admissible to show his state of mind. See *State ex rel. Smith v. Hughes*, 356 Mo. 1, 200 S.W.2d 360, 361 (banc 1947). See also *Palm v. MaGuire*, 347 Mo. 189, 146 S.W.2d 636, 638 (1941); *Look v. French*, 346 Mo. 972, 144 S.W.2d 128, 130–131 (Mo.1940); *Matthews v. Turner*, 581 S.W.2d 466, 472 (Mo.App.1979);

*Doll v. Fricke,* 237 Mo.App. 1148, 171 S.W.2d 755, 758 (1943); 6 Wigmore, Evidence § 1725 (Chadbourn rev. 1976). Ethel Wilson's statements were properly admitted. Point one is denied.

 Appellants contend in their remaining point that the trial court erred because its judgment was "against the weight of the evidence in that the evidence shows that the deeds in question were obtained by undue influence on the part of the respondents". To set aside a deed on the basis of undue influence, there must be clear, cogent and convincing evidence of such influence. *Estate of Stanley,* 655 S.W.2d 88, 91 (Mo.App.1983). That Walter or his wife took Ethel Wilson to the lawyer when the deeds were executed does not compel a finding of undue influence. See *Sebree v. Rosen,* 349 S.W.2d 865, 881 (Mo. 1961).

As the evidence of undue influence was in dispute, we ordinarily defer to the finding of the trial court. This court should exercise the power to set aside a judgment on the ground that it is against the weight of the evidence with caution and only when we have "a firm belief that the decree or judgment is wrong." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Upon reviewing the evidence here we have no such belief. This point is denied.

The judgment is affirmed.

FLANIGAN and MAUS, JJ., concur.

HOGAN, J., not participating.