**In re the ESTATE OF Josephine M. SCHWARTZE, Deceased.**

**Leo Schwartze, Plaintiff–Appellant,**

**v.**

**Donald W. Schwartze, and Mildred M. Jennings, Personal Representatives of the Estate of Josephine M. Schwartze, and Donald W. Schwartze and Diana J. Schwartze, Defendants–Respondents.**

**Nos. 74156, 74417.**

Missouri Court of Appeals,
Eastern District,
Warrenton Division.

Aug. 17, 1999.

P. Dennis Barks, Hermann, MO, for plaintiff/appellant.

Robert M. Fenlon, Robert V. Krueger, Mexico, MO, for defendants/respondents.

LAWRENCE E. MOONEY, Judge.

Plaintiff, Leo Schwartze, appeals a judgment entered on a jury verdict for Defendants: his brother, Donald Schwartze, and his sister-in-law, Diana Schwartze. Plaintiff argues on appeal that the trial court erred in: (1) instructing the jury on fraud, instead of discovery of assets, (2) allowing witnesses to testify as to statements made by decedents in violation of the hearsay rule, (3) permitting a witness to testify about a disputed fact when her knowledge was based on hearsay, (4) allowing defense counsel to make an opening statement that included references to inadmissible evidence, (5) allowing testimony that would vary the terms of a deed, in violation of the parol evidence rule, and (6) allowing a lay witness to testify as to an ultimate fact. We reverse and remand for a new trial.

## FACTS

Plaintiff and Defendant Donald are among five children born to W.H. and Josephine Schwartze. All five children were raised on the family farm in Martinsburg, Missouri. Defendant Donald continued to live and work on the family farm after he graduated high school, and later built a house on the farm next to his parents where he and his wife, Defendant Diana, still live. In 1974 W.H. and Josephine sold the farm to the Defendants. Defendants received a warranty deed subject to a deed of trust in exchange for a promissory note to the sellers for $120,000.00. The sale angered Plaintiff because he thought the sale of the family farm should be a family decision. Shortly after selling the farm, W.H. died. This dispute concerns the amount of the unpaid balance on the promissory note. According to Defendants, Donald's parents forgave a portion of the principal owed on the debt. Plaintiff claims that his parents did not forgive any of the principal on the debt, and that Defendants owe nearly the full value of the principal to the estate of Josephine.

The conflict between the two brothers over the amount owed on the note erupted two days after Josephine's funeral in 1995, when all five children and their spouses met at the farmhouse to discuss the disbursement of assets. When Defendant Donald told the other family members that the principal balance owed on the farm was $50,000.00, Plaintiff and his brother Richard were shocked and angered. Plaintiff and his brother asked how the balance could only be $50,000.00 when it had been $85,000.00 in 1992. Defendant Donald showed them the pay schedule which showed entries of $2,000.00 principal per year, later becoming $4,500.00, then $5,000.00, and in the last two years, $10,000.00 and $20,000.00. His deceased mother's initials were next to these entries on the pay schedule. After being pressed by Plaintiff and Richard for an explanation as to why the payments in the most recent years were so disproportionately large, Defendant Donald explained that his mother had not wanted him to tell anyone, but that she had written the $20,000.00 payment off as a gift. Defendant Donald later told his brothers that the $10,000.00 payment was also a gift from his mother.

Plaintiff, a named beneficiary in decedent's will, filed a petition for a discovery of assets action in which he asked the court to properly account for the amount owed on the promissory note. At trial, Plaintiff attempted to show that his parents had not forgiven the debt, and that Defendants owed more than $50,000.00 to the estate. He contends that his mother did not make the initials on the pay schedule that indicated debt forgiveness. However, Plaintiff did admit that if his mother made the initials, he would not have brought a cause of action.

At trial, both Defendants testified that W.H. and Josephine informed them that if they built a house next to them on the farm, they would help the Defendants with their debt load. Defendants further testified that W.H. and Josephine told them they were going to gift by debt forgiveness

$2,000.00 a year on the promissory note, and they would defer the other $2,000.00 of the annual $4,000.00 principal installments. Allegedly, Josephine forgave the $2,000.00 annual principal payments for approximately sixteen years until 1991, when she began to increase the amount of annual debt forgiveness.

At the close of evidence, Plaintiff offered a verdict director, instructing the jury to find for Plaintiff if it found that the Defendants did not fulfill their contractual obligations. The court refused this instruction. Instead the court gave the instruction tendered by Defendants which instructed the jury that they should find for Plaintiff only if they determined that Defendants fraudulently withheld payments due. The court also instructed the jury on the common law definition of fraud. The jury found for Defendants.

## ANALYSIS

■ Plaintiff contends that the trial court erred in giving instruction No. 6 and No. 7 which instructed the jury to find for him if it found that the Defendant's "fraudulently withheld" assets, instead of submitting the instruction he tendered for breach of contract. He contends that the submission of the instructions No. 6 and No. 7 to the jury constituted prejudicial error.

■ There is not an MAI instruction for a discovery of assets action. *Estate of Stanley* 655 S.W.2d 88, 93 (Mo.App. W.D. 1983). A not-in-MAI instruction must be understood by the jury and must follow the applicable law by submitting the ultimate facts required to sustain a verdict. *Seitz v. Lemay Bank and Trust Company*, 959 S.W.2d 458, 462 (Mo.1998).

■ When reviewing claimed instructional error, we must view the evidence in the light most favorable to the instruction, and we may disregard contrary evidence. *King v. Ryals*, 981 S.W.2d 151, 154 (Mo. App. E.D.1998). The submission or refusal to submit the tendered instruction is within the sound discretion of the trial court. *Titsworth v. Powell*, 776 S.W.2d 416, 423 (Mo.App.E.D.1989). We will only reverse on instructional error in cases where the instruction misdirected, misled or confused the jury. *Seidel v. Gundaker Real Estate Co.*, 904 S.W.2d 357, 363 (Mo. App. E.D.1995). Before reversal can be predicated on instructional error, the complaining party must show that the instruction resulted in prejudicial error. *Lee v. Mirbaha*, 722 S.W.2d 80, 81 (Mo. banc 1986). A jury instruction is prejudicial if it directs recovery on a different theory than on that pleaded and proved. *Bradley v. Waste Management of Missouri, Inc.*, 810 S.W.2d 525, 528 (Mo.App. E.D.1991); *Fisher v. McIlroy*, 739 S.W.2d 577, 580 (Mo.App. E.D.1987).

Verdict director instruction number 6, which was submitted by Defendants stated:

## INSTRUCTION NO. 6

Your verdict must be for Petitioner Leo Schwartze if you believe:

First, Respondents Donald W. Schwartze and Diana J. Schwartze fraudulently withheld payments due on a certain note mentioned in the evidence from W.H. Schwartze and Josephine M. Schwartze, or either of them and

Second, as a direct result of such fraudulent withholding of such note payments due W.H. Schwartze and Josephine Schwartze, or either of them, Respondents Donald W. Schwartze and Diana J. Schwartze continue to adversely withhold and retain possession of such funds; and

Third, as a direct result thereof, Respondents Donald W. Schwartze and Diana J. Schwartze are withholding such note payment funds that belong to the Estate of Josephine M. Schwartze, deceased

In conjunction with this instruction the verdict director also instructed the jury on the following common law definition of fraud:

The term "fraudulent" or "fraudulently" as used in this instruction means that representations were made to W.H Schwartze and Josephine M. Schwartze, or either of them that were false and known to be so by the person making them; that the false representations were intended to deceive W.H. Schwartze and Josephine Schwartze, or either of them, and did deceive them; that W.H. Schwartze and Josephine Schwartze, or either of them, relied upon the false representations and were induced to not take collection action or demand payment on amounts due them on certain note mentioned in the evidence which otherwise would have been collected.

These jury instructions resulted in prejudicial error because they directed recovery on fraud, which was not plaintiff's theory of recovery; it was neither pleaded in Plaintiffs petition nor proved at trial. The instruction required the jury to find that Defendants' actions satisfied all of the elements of fraud in order to find for Plaintiff. In his petition Plaintiff sought discovery of the estate's assets, and did not claim fraud by defendant. Plaintiff did not plead or argue at trial that Defendants committed the common law tort of fraud. In attempting to prove at trial that Defendants owed more than $50,000 to the estate, Plaintiff did not testify that his brother made fraudulent representations to their parents. Plaintiff did not attempt to establish the elements of fraud at trial.

■ To the contrary, Plaintiff pleaded and argued the case as a discovery of assets action. A discovery of assets action, a proceeding brought pursuant to Section 473.340 RSMo (1994), is a search for assets owned by the decedent at his death. *Estate of Mitchell,* 610 S.W.2d 681, 684 (Mo.

App. E.D.1980); *Hatten v. Mercantile Bank of Springfield,* 884 S.W.2d 326, 329 (Mo.App. S.D.1994). The purpose of a discovery of assets proceeding is to determine whether a piece of property has been concealed, embezzled, or wrongfully withheld from the estate. *State ex rel. Knight v. Harman,* 961 S.W.2d 951, 954 (Mo.App. W.D.1998). The action is a statutory proceeding that is substantially similar to a common law action in trover or conversion. *Estate of Goldenberg,* 601 S.W.2d 637, 639 (Mo.App. E.D.1980). Pursuant to the statute, the petitioner alleges that "the decedent held title at his death to certain described property and that this property is being adversely held by another person." *Mitchell,* 610 S.W.2d at 684. Plaintiff's claim that Defendants owed more than $50,000.00 to the estate is clearly a discovery of assets action.

■ Implicit in discovery of assets cases is the "denial that there was an effective transfer of title from the decedent to another party." *Mitchell,* 610 S.W.2d at 684. The denial of an effective transfer does not mean that every discovery of assets case is a fraud case. Plaintiff did not have the obligation to establish fraud in order to prove that Defendants were wrongfully withholding property from the estate.

Defendants claim the instruction was valid because it was based on the instruction used in *Estate of Stanley,* 655 S.W.2d 88 (Mo.App. W.D.1983), which was a discovery of assets action. However, the instruction used in *Stanley,* which required a finding of undue influence, was premised on pleadings and proof of undue influence. Here, the instruction did not conform to the pleadings and proof and resulted in prejudicial error.[1]

---

1. In formulating the instructions that are to be submitted to the jury in a discovery of assets actions where the representative of the estate claims that the respondent has something that belongs to the estate, and where the respondent claims the property was a gift, the following cases and sources should be consulted: *Estate of Mitchell,* 610 S.W.2d 681, 684 (Mo.App. E.D.1980); *Edlen v. Tweed,* 295 S.W.2d 397, 402 (Mo.App. E.D.1956); *Oberman's Estate,* 281 S.W.2d 549, 554 (Mo.App. E.D.1955); *Spencer v. Barlow,* 319 Mo. 835, 5 S.W.2d 28, 32 (Mo.1928); 33 C.J.S. *Executors and Administrators* 182 (1998).

Our decision on this issue is dispositive of Plaintiff's other claims.[2] We reverse and remand for a new trial.

RHODES RUSSELL, P.J., and JAMES R. DOWD, concur.

---

**2.** Although our decision on the instructional error was dispositive of the claim, it is appropriate to address issues that will likely arise in the next trial.

In determining the admissibility of statements under the Dead Man's statute the trial court should consult the following: Section 491.010.2 RSMo (1994); *Estate of Oden v. Oden* 905 S.W.2d 914, 918 (Mo.App. E.D. 1995).

The decedents' statements may also be admissible under the state of mind exception to the hearsay rule. *See Lewis v. Lowe and Campbell Athletic Goods Co.,* 247 S.W.2d 800, 804–805 (Mo.1952); *Weber v. Les Petite Academies,* 548 S.W.2d 847, 851 (Mo.App.1976); Missouri Practice 23 Missouri Evidence 803(3).1. In determining the admissibility of statements in which the decedents express their intent or plan to forgive the debt, the court should consult *Estate of Dawes,* 891 S.W.2d 510, 520–521 (Mo.App. S.D.1994). In determining the admissibility of statements in which the decedents express that they had already forgiven portions of the debt, the court should consult *Ryterski v. Wilson,* 740 S.W.2d 374 (Mo.App. S.D.1987).

In determining whether some of the statements could be admitted as verbal acts the court should consult the following: *Bright v. Ward,* 669 S.W.2d 238, 239 (Mo.App. E.D. 1984); *Menorah Medical Center v. Davis,* 463 S.W.2d 618, 621 (Mo.App.W.D.1971).