

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

IN THE ESTATE OF VIRGIL D.    )
WILLIAMS, DECEASED; ESTATE  )
OF VIRGIL D. WILLIAMS,       )
                    Appellant,  )
                          )
v.                          )    WD85399
                          )
KIM BAUMAN, RANDY BAUMAN,  )    FILED: January 31, 2023
KAE LEWIS and CHAD LEWIS,    )
               Respondents.  )

**Appeal from the Circuit Court of Andrew County**
**The Honorable Michael J. Ordnung, Judge**

**Before Division Four: Gary D. Witt, C.J., and**
**Alok Ahuja and Anthony Rex Gabbert, JJ.**

The Estate of Virgil D. Williams filed a petition for discovery of assets in the Circuit Court of Andrew County against five defendants. The petition alleged that the defendants had misappropriated property in which Virgil Williams had an interest before he died. The defendants moved to dismiss the Estate's petition on the basis that it failed to state a claim. The circuit court granted the defendants' motions to dismiss, and the Estate appeals. We conclude that the Estate's petition was deficient because it failed to allege that the property at issue was or should have been part of Virgil Williams' estate. We accordingly affirm the circuit court's dismissal of the petition.

## Factual Background

The Circuit Court of Andrew County appointed a guardian and conservator for Virgil Williams ("Decedent") in 2015, based on his dementia, short-term memory

loss, and alcohol abuse. *See Est. of Williams*, 618 S.W.3d 253, 255 (Mo. App. W.D. 2021).

Decedent died on October 12, 2020. The circuit court appointed Janet Rosenauer, Andrew County Public Administrator, and Carey Z. Williams, Decedent's son, as Co-Administrators of Decedent's Estate. Several creditors made claims against the estate for unpaid debts.

On November 21, 2021, the Estate filed a Petition for Discovery of Assets against five parties: the Estate of Betty Lou Williams; Kim Bauman; Randy Bauman; Kae Lewis; and Chad Lewis. Betty Lou Williams was Decedent's wife, who survived him but died before the discovery of assets petition was filed. Kim and Randy Bauman are Decedent's daughter and son-in-law; Kae and Chad Lewis are the Baumans' daughter and son-in-law.

The discovery-of-assets petition alleged that Decedent "possessed certain assets that remained titled in his name, either as a tenant by the entirety or individually, or with Betty Lou Williams." The petition alleged that these assets included various bank accounts; an investment account; farm equipment; a life insurance policy; real property; and the proceeds from the sale of real property. The petition alleged that Decedent "was deprived [of the property] improperly by the actions of" the defendants, and that the property was "now in the possession of" the defendants, "or [of] persons who have received or disposed of this property at their direction."

The defendants moved to dismiss the petition, arguing among other things that the petition failed to state a claim for discovery of assets on which relief could be granted.

On April 29, 2022, the circuit court granted the defendants' motions to dismiss. The court's Order of Dismissal found that the petition "utterly fails to state any cause of action against any of the Defendants." The circuit court also held

that the claim concerning alleged misappropriation of the investment account was barred by res judicata.

The Estate appeals.

## Discussion

### I.

Before addressing the merits of the Estate's appeal, we must address our own jurisdiction. An order dismissing a discovery of assets petition in a probate proceeding is appealable under § 472.160.1(14), RSMo. *See Est. of Clark*, 83 S.W.3d 699, 701–02 (Mo. App. W.D. 2002). The defendants contend, however, that the circuit court's dismissal order is not final in this case, because the circuit court dismissed the Estate's petition without prejudice. We disagree.

Because the circuit court's dismissal order does not "otherwise specify," its dismissal of the Estate's petition was without prejudice under Rule 67.03. *See* Rule 41.01(b) (specifying that Rule 67.03 "appl[ies] to proceedings in the probate division of the circuit court").

The Missouri Supreme Court held that the dismissal of a petition without prejudice was final and appealable in *Naylor Senior Citizens Housing, LP v. Side Construction Co.*, 423 S.W.3d 238 (Mo. 2014). In *Naylor*, the circuit court dismissed a petition filed on behalf of two limited partnerships without prejudice because the petition had only been signed by the partnerships' managing partner, who was not an attorney. Although the partnerships presumably could have cured the defect in their petition by retaining a licensed attorney to file it, the Supreme Court held that they were entitled to appeal the dismissal without prejudice of their original pleading. The Court explained:

> [T]his Court occasionally has referred to a "general rule that a dismissal without prejudice is not a final judgment and, therefore, is not appealable." *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997).

3

It is unclear to what extent, if any, this "general rule" ever was followed. Over time, however, exceptions seemed to have swallowed all or nearly all of whatever rule once might have existed. For example, in *Chromalloy*, this Court held that a dismissal without prejudice may be appealed if—but only to the extent that—the dismissal decides some issue with preclusive effect. *Id.* Here, the trial court's judgment states that the Original Petition was not effective for the purpose of asserting claims on behalf of the Partnerships. That judgment has preclusive effect in the sense that no subsequent action by the Partnerships can correct the defect noted in the judgment or render the Original Petition effective for that purpose. Accordingly, the Partnerships are entitled to appellate review of this judgment. *Id.* (recognizing exception to the "general rule" where the "dismissal has the practical effect of terminating the litigation ***in the form cast***") (emphasis added).

*Naylor*, 423 S.W.3d at 242-43.

In other cases, Missouri courts have held that a dismissal without prejudice for failure to state a claim is final and appealable where the plaintiff elects to stand on their existing petition and appeal, rather than seeking to amend the petition to cure any pleading deficiency.

[W]here the trial court dismisses a petition without prejudice for failure to state a claim, and the plaintiff elects to stand on the dismissed petition and not to plead further, then that dismissal effectively bars the plaintiff from re-filing the action in its original form.

*Jennings v. SSM Health Care St. Louis*, 355 S.W.3d 526, 531 (Mo. App. E.D. 2011) (citations omitted).

The dismissal without prejudice for failure of the petition to state a claim, when the party elects not to plead further, amounts to a determination that the plaintiff has no action. In such a case, the judgment of dismissal – albeit without prejudice – amounts to an adjudication on the merits and may be appealed.

*Mahoney v. Doerhoff Surgical Serv., Inc.*, 807 S.W.2d 503, 506 (Mo. 1991). "The judgment is final because the [plaintiffs'] decision to stand on their . . . petition as filed and to appeal, rather than bring another action, estops the [plaintiffs] from bringing another action in the future for the same cause." *Meyers v. Kendrick*, 529

4

S.W.3d 54, 57 n.2 (Mo. App. S.D. 2017) (citations omitted); *accord, Hobbs v. Consol. Grain & Barge Co.*, 517 S.W.3d 7, 9 n.2 (Mo. App. S.D. 2016).

The Estate did not to seek leave of the circuit court to file an amended petition, but instead chose to stand on the allegations of its original petition and appeal. The circuit court's dismissal order is accordingly final, and we have jurisdiction to review it.[1]

## II.

The Estate challenges the circuit court's conclusion that its petition failed to state a claim for discovery of assets under § 473.340, RSMo.

> The circuit court's decision to sustain a motion to dismiss is reviewed *de novo*. "When considering whether a petition fails to state a claim upon which relief can be granted, this Court must accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and construe all allegations favorably to the pleader."

*Schlafly v. Cori*, 647 S.W.3d 570, 573 (Mo. 2022) (citing and quoting *R.M.A. ex rel. Appleberry v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 424 (Mo. 2019)).

At the outset, we note that the Estate has abandoned any claim relating to the investment account in which Decedent allegedly held an interest. The circuit court dismissed the Estate's claim concerning the investment account on two independent grounds: (1) that the Estate had failed to state a claim for discovery of assets on which relief could be granted; and (2) that the Estate's claim as to the investment account was barred by *res judicata* (or "claim preclusion"), due to the

---

[1] Under the caselaw discussed in this section, a plaintiff's decision to appeal a dismissal without prejudice for failure to state a claim, rather than to seek leave to amend their petition, would seemingly make the judgment final and appealable *in every case*. In addition, it appears that most dismissals without prejudice have the effect of "terminating the litigation in the form cast," thereby making the judgments appealable – even though such judgments frequently leave the plaintiff with the option of *recasting* their petition in a legally sufficient form. As in *Naylor*, we are left to wonder what remains of the "general rule" that a dismissal without prejudice is not appealable.

outcome of previous litigation. On appeal, the Estate has not challenged the circuit court's conclusion that its claim concerning the investment account was barred by *res judicata*.

> It is [an appellant's] burden "to demonstrate that the trial court's judgment was incorrect on any basis supported by the record and the applicable law." Thus, to achieve a reversal, [the appellant] must "establish that all of the reasons that the circuit court articulated in its judgment were wrong."

*Wesley v. Wells Fargo Bank, N.A.*, 569 S.W.3d 436, 444 (Mo. App. W.D. 2018) (citations omitted). As it relates to the investment account, the Estate's "failure to challenge each and every ground on which the circuit court's Judgment depends compels affirmance of the trial court's decision in and of itself." *Chastain v. Kansas City Mo. City Clerk*, 337 S.W.3d 149, 155 (Mo. App. W.D. 2011) (citation omitted).

With respect to the remaining property, the Estate asserted a claim for discovery of assets under § 473.340.1, RSMo, which provides in relevant part:

> Any personal representative, administrator, creditor, beneficiary or other person who claims an interest in property which is claimed to be an asset of an estate or which is claimed should be an asset of an estate may file a verified petition in the probate division of the circuit court in which said estate is pending seeking determination of the title, or right of possession thereto, or both. The petition shall describe the property, if known, shall allege the nature of the interest of the petitioner and that title or possession of the property, or both, are being adversely withheld or claimed.

A petition for discovery of assets filed in the probate division of the circuit court is not subject to the same pleading standards applicable to other civil actions. In particular, petitions filed in the probate division are not generally subject to Rule 55.05, which requires that a petition contain "a short and plain statement of the facts showing that the pleader is entitled to relief." *See* Rule 41.01(b) (specifying the civil rules which apply as a matter of course in probate proceedings); *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 379 (Mo. 1993) (explaining that, under Rule 55.05, Missouri is a "'fact-pleading' state").

6

In *Ryan v. Spiegelhalter*, 64 S.W.3d 302 (Mo. 2002), the Missouri Supreme Court described the allegations required in a petition for discovery of assets:

> In a discovery of assets claim, the petition shall describe the property, if known, and shall allege the nature of the interest of the petitioner; it shall also allege that title or possession of the property, or both, are adversely withheld or claimed. *Sec. 473.340.1*. However, "the strict rules of pleadings in circuit court petitions do not apply to probate proceedings." Instead, the pleadings must simply "give reasonable notice of the nature and extent of the claim."

*Id.* at 308 (other citations omitted); *see also Est. of Clark*, 83 S.W.3d 699, 702-03 (Mo. App. W.D. 2002).

*Ryan*'s statement that a discovery-of-assets petition "shall describe the property" requires that the petition allege that the decedent's estate had, or is claimed to have had, some interest in the property at issue at the time of the decedent's death. Section 473.340.1 specifies that the property which may be the subject of a discovery of assets proceeding is "property which is claimed to be an asset of an estate or which is claimed should be an asset of an estate." "The self-evident purpose of sec. 473.340 is to channel all claims to specific property in which an estate may have an interest into the probate division of the circuit court." *Est. of Williams*, 12 S.W.3d 302, 306–07 (Mo. 2000).

> A discovery of assets action, a proceeding brought pursuant to Section 473.340 RSMo (1994), is a search for assets owned by the decedent at his death. The purpose of a discovery of assets proceeding is to determine whether a piece of property has been concealed, embezzled, or wrongfully withheld from the estate. . . . Pursuant to the statute, the petitioner alleges that "the decedent held title at his death to certain described property and that this property is being adversely held by another person."

*In re Estate of Schwartze*, 998 S.W.2d 596, 600 (Mo. App. E.D. 1999) (citing and quoting *State ex rel. Knight v. Harman*, 961 S.W.2d 951, 954 (Mo. App. W.D.1998); *Hatten v. Mercantile Bank of Springfield*, 884 S.W.2d 326, 329 (Mo. App. S.D.1994); and *Est. of Mitchell*, 610 S.W.2d 681, 684 (Mo. App. E.D.1980)). Other cases

similarly hold that a discovery of assets claims must involve property which is, or which may be, part of an estate. *See, e.g., State ex rel. Wratchford v. Fincham*, 521 S.W.3d 710, 713 (Mo. App. W.D. 2017) ("'As its name implies, a discovery of assets action is a search for assets belonging to the decedent at her death.'" (citation omitted)); *Est. of Meyer*, 469 S.W.3d 857, 861 (Mo. App. W.D. 2015) ("In such a proceeding, the court's role is to determine whether specific property has been adversely withheld from the estate.'" (quoting *Est. of Lambur*, 397 S.W.3d 54, 62 (Mo. App. W.D. 2013)); *Est. of Boatright*, 88 S.W.3d 500, 509 (Mo. App. S.D. 2002) (plaintiff asserting a discovery-of-assets claim must "make[ ] a prima facie showing that the decedent owned the property in question at his death").

The petition in this case failed to allege that the Estate was seeking to recover property which it claimed should be part of Decedent's estate. The petition alleged that Decedent "possessed certain assets that remained titled in his name, *either as a tenant by the entirety or individually*, or with Betty Lou Williams." (Emphasis added.) Thus, the Estate's petition leaves open the possibility that the property was held by Decedent and Betty Lou Williams as tenants by the entirety. Indeed, in a later paragraph, the petition affirmatively alleges that "[v]arious bank accounts" – the single largest category of assets at issue – were "owned as tenants by the entireties with Betty Lou Williams."

To the extent that the property at issue was held by Decedent and his wife Betty Lou Williams as tenants by the entirety, that property would not have become part of Decedent's estate when he died, because Betty Lou Williams survived him.

> For the purposes of probate, the General Assembly has defined "estate" as "the real and personal property of the decedent or ward, as from time to time changed in form by sale, reinvestment or otherwise, and augmented by any accretions and additions thereto and substitutions therefor, and diminished by any decreases and distributions therefrom[.]" Section 472.010(11), RSMo 2000. Although this definition is vague, case law has held consistently that probate law

does not govern the passing of property owned by tenants by the entirety.

> Probate's non-application to tenancy by the entirety results from its being a form of ownership that is created by marriage in which each spouse owns the entire property, rather than a share or divisible part. It is based on a legal fiction that the husband and wife own the property jointly as a single person. Together, each has an undivided interest. When one of the spouses dies, the surviving spouse becomes the property's sole owner by virtue of being owner of 100 percent of the property. Hence, property owned by [husband and wife] as tenants by the entirety was not part of [deceased wife's] probate estate and did not fit within the definition of "estate" enunciated in Section 472.010(11).

*Est. of Bruce*, 260 S.W.3d 398, 403 (Mo. App. W.D. 2008) (citations omitted); *see generally Kroner Invmts., LLC v. Dann*, 583 S.W.3d 126, 130 (Mo. App. E.D. 2019) (describing the nature of title held by spouses as tenants by the entirety); *Spicer v. Spicer*, 568 S.W.3d 480, 487-88 (Mo. App. W.D. 2019) (same).

The Estate's petition left open the possibility that the property at issue was owned by Decedent and Betty Lou Williams as tenants by the entirety. Thus, the petition essentially alleged that the property at issue *may have* been part of Decedent's estate – *or maybe not*. In light of this equivocation, the petition failed to affirmatively allege an ultimate fact essential to establishing a discovery-of-assets claim: that the defendants had misappropriated property which was, or should have been, part of Decedent's estate. Because the petition failed to allege a fact essential to recovery, the circuit court correctly granted defendants' motions to dismiss the petition for failure to state a claim.

## Conclusion

The circuit court's Order of Dismissal is affirmed.

_____
Alok Ahuja, Judge

All concur.

9